## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**IN RE: FELICIA DIONNE TAYLOR**        **CASE NO.   4:10BK11714**
                                                                    **4:10AP01089**

**FELICIA DIONNE TAYLOR,**
**DEBTOR**                                                                         **PLAINTIFF**

**v.**                        **CASE NO. 4:11CV00226 BSM (Lead case)**

**SUNTRUST BANK;**
**AMERICAN LENDERS SERVICE COMPANY;**
**JACK O. JUSTICE, SR., Individually and in his official capacity**
**as President of American Lenders Service Company;**
**RICHARD L. COX; and**
**UNITED STATES TRUSTEE**                                        **DEFENDANTS**

## ORDER

Plaintiff Felicia Dionne Taylor appeals from two orders entered by the United States

Bankruptcy Court for the Eastern District of Arkansas. [Doc. No. 1]. Defendants have filed

several motions to dismiss. [Doc. Nos. 8, 12, 14, 20]. For the reasons set forth below, the

bankruptcy court's orders are affirmed.

### I. BACKGROUND

On October 26, 2010, Taylor filed a motion requesting the Honorable James G.

Mixon to recuse from her chapter seven bankruptcy case and a related adversary proceeding.

The basis for Taylor's motion was Judge Mixon's inquiry in open court as to whether Taylor

was receiving assistance with her bankruptcy pleadings. Taylor admitted that she was

receiving assistance from a family member, Felix Taylor, at which point Judge Mixon

properly informed Taylor that Felix Taylor had been barred from practicing law before the

United States Bankruptcy Court for the Eastern District of Arkansas.  Judge Mixon

explained to Taylor that she could be sanctioned for having someone prepare her pleadings

who did not sign the pleadings. Taylor, who is black, filed a motion asking Judge Mixon to

recuse because "he is a racist and biased against Black (sic) males and should not be able to

exercise his racial animus in this case or any other case." Apparently, Taylor, who is a

woman, feels that Judge Mixon did not want Felix, who is a man, helping Taylor with her

pleadings because Judge Mixon dislikes black men.

Of course Judge Mixon denied the motion.  In his December 21, 2010, order, Judge

Mixon found that Taylor failed to establish a reasonable basis for his recusal and noted that

her conclusions were unwarranted and illogical. Taylor subsequently filed a motion for

reconsideration in which she asserted that Judge Mixon's upbringing in Helena, Phillips

County, Arkansas caused him to have a "plantation mentality and a white superiority view

of Black Americans (sic), particularly Black (sic) males." She further argued that Judge

Mixon "cannot adjudicate a case involving any American Citizen (sic) because of his racial

animus."

On January 5, 2011, Judge Mixon denied Taylor's motion for reconsideration and

affirmed his decision not to recuse from her case. In that order, Judge Mixon held that

Taylor's motion for reconsideration consisted of "legal gibberish" and failed to allege any

facts that warrant recusal. On January 6, 2011, the Honorable Richard D. Taylor, Chief

Judge of the United States Bankruptcy Court for the Eastern District of Arkansas, declined

2

to reconsider his previous order allowing Judge Mixon to address Taylor's motion himself. These are the two orders from which Taylor appeals.

## II. LEGAL STANDARD

A party to a bankruptcy case may appeal to a district court from the following orders entered by a bankruptcy court: (1) final judgments, orders, and decrees, (2) interlocutory orders reducing or enlarging the period of time in which a chapter eleven plan may be filed, and (3) other interlocutory orders *with leave of the court*. 28 U.S.C. § 158(a) (emphasis added). A motion for leave to appeal from such an interlocutory order must contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Fed. R. Bankr. P. 8003(a).

The orders identified by Taylor's notice of appeal are non-final orders that may be appealed only with leave of court. Although Taylor did not seek leave to appeal from the bankruptcy court, she did file a timely notice of appeal in district court. Under these circumstances, Federal Rule of Bankruptcy Procedure 8003(c) permits a district court to grant leave to appeal retroactively. This opinion proceeds under that rule, and Taylor's appeal will be heard.

A judge's failure to recuse is reviewed for an abuse of discretion. *Lunde v. Helms*,

3

29 F.3d 367, 370 (8th Cir. 1994). An abuse of discretion exists if a judge's impartiality might reasonably be questioned under the circumstances. *Id.*

## III. DISCUSSION

On appeal, Taylor asserts that Judge Mixon had a personal bias against her and a "vendetta" against Felix Taylor and that, therefore, he had a duty to recuse pursuant to 28 U.S.C. §§ 144, 455 and canons one through three of the Code of Judicial Conduct. Taylor is mistaken.

To obtain a recusal under section 144, a party must file a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). In this context, legal sufficiency means that the alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* at 1211 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Taylor's affidavit fails to meet this standard because she does not identify what adverse ruling Judge Mixon made that was based on some external factor, such as race. Upon reviewing the record, it appears Judge Mixon was seeking to ensure that Taylor was complying with Federal Rule of Bankruptcy Procedure 9011 which requires a petition preparer to sign his name to all petitions, pleadings, motions, and most other papers. This is not an "opinion on the merits," and therefore, Judge Mixon was not required to recuse under 28 U.S.C. § 144.

To obtain a recusal under section 455, a party must prove that "a judge's impartiality

might reasonably be questioned or [that] he has a personal bias or prejudice." *Faul*, 748 F.2d at 1210. Mere conclusory allegations do not carry this burden unless they are accompanied by sufficient factual support. *See id.* at 1211. Taylor's assertions that Judge Mixon is a racist, a white supremacist, and adjudicates using a plantation mentality are indeed conclusory in nature. More importantly, Taylor fails to provide any factual support for these extremely serious allegations other than pointing to Judge Mixon's inquiry in open court as to whether two black attorneys helped prepare her bankruptcy filings. This questioning simply does not provide any evidentiary support for the notion that Judge Mixon harbors ill feelings toward black people or is partial to white people. Stated another way, "the average person on the street" who knows all of the relevant facts of this case could not reasonably question Judge Mixon's impartiality. *See United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). Accordingly, Judge Mixon was not required to recuse under 28 U.S.C. § 455.

Canons one through three of the Arkansas Code of Judicial Conduct do provide a separate mechanism for recusal, except to the extent that Canon 3E mirrors 28 U.S.C. § 455. As noted above, that statute does not require Judge Mixon to recuse. Moreover, Taylor does not explain how the other cited canons apply to the facts of her case. Therefore, there is no basis to conclude that the Arkansas Code of Judicial Conduct warrants reversal.

Finally, Taylor provides no authority or legal analysis for her appeal of Judge Taylor's decision not to intervene in her case before Judge Mixon. Such skeletal and perfunctory arguments are properly treated as waived. *See United States v. Zannino*, 895

F.2d 1, 17 (1st Cir. 1990).

## IV. CONCLUSION

Accordingly, the opinions of the bankruptcy court dated January 5, 2011, and January 6, 2011, are affirmed.

IT IS SO ORDERED this 8th day of August 2011.


_____
UNITED STATES DISTRICT JUDGE